**In the Matter of Dwight Antonio COSBY.**

No. 10S00–0503–DI–88.

Supreme Court of Indiana.

March 10, 2006.

*ORDER FINDING MISCONDUCT AND
IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Ac-*tion*, we find that the respondent engaged in attorney misconduct.

■ **Facts:** Respondent is an Indiana attorney. His misconduct arises in eight separate cases. First, clients hired respondent to bring a malpractice claim against a Veteran's Administration hospital. Despite discovering no evidence or expert testimony to support the clients' claims, respondent filed an administrative claim with the Department of Veteran's Affairs. The claim was denied with instructions regarding the procedures for an appeal. Respondent filed suit in a federal court in Kentucky, failing to sue the United States and serve Justice Department officials as required for such a claim. The defendants' attorney filed a motion to dismiss, which the court granted because respondent failed to reply. Though respondent managed to have the case reinstated, after he failed to comply with discovery deadlines and to respond to a motion to compel, the court again dismissed the case. Respondent then failed to file a timely appeal, but the appellate court allowed the appeal to proceed because of a previous *pro se* request from the clients. Respondent was not admitted to practice before the court and failed to comply with the court's briefing schedule. As a result, the court dismissed the appeal.

■ Two cases involve situations where respondent filed suits for clients in a Kentucky state court without having been admitted to the bar in Kentucky or having applied for *pro hac vice* status. During the Commission's investigation of these matters, respondent misled the Commission about his practice in Kentucky.

■ The fourth case involves respondent's failure to respond to a motion to intervene, resulting in a judgment for the intervening party. Respondent filed motions to correct error and to vacate the judgment, but

he twice failed to appear for hearings. Respondent then filed an untimely notice of appeal.

▉ The fifth situation involved respondent's representation of a client seeking a reduction of his sentence. Respondent quoted a flat fee of $2,500, but upon learning that the client had $8,000 to devote to his case, respondent demanded an additional $6,000 to pursue relief. Ultimately, respondent filed a one paragraph petition for modification of sentence, which the trial court was not authorized to grant without the prosecutor's consent because more than one year had elapsed since the sentencing. The client had been sentenced some five years before the petition. The client sought but did not obtain a refund from respondent. As part of its investigation, the Commission issued subpoenas to respondent for his case file, but he failed to respond.

▉ The sixth set of violations arises from respondent's representation of a criminal client for a flat fee of $5,000. Respondent had no written fee agreement with the client, and later requested an additional $500 for a deposition. Before the deposition, the client terminated respondent's representation and demanded a refund. When respondent did not provide a refund the client successfully sued respondent in small claims court.

▉ In the seventh case, a client hired respondent to handle a personal injury claim. The insurance company alleged there was no coverage and respondent told the client he would investigate. Respondent took no further action, did not respond to the client's attempts to contact him and failed to appear in his office for scheduled appointments with the client.

▉ Finally, a client hired respondent to handle a personal injury claim and to file bankruptcy. The respondent did not have the contingency fee agreement for the personal injury claim reduced to writing. When respondent filed the bankruptcy petition, he failed to list the potential personal injury claim or the subrogation interest of the hospital where the client had been treated. More than a year after the statute of limitations expired, respondent made a demand on the insurance company, which was denied because the statute of limitations had expired.

**Violations:** Ind. Professional Conduct Rule 1.1: failure to provide competent representation; 1.3: failure to act with reasonable diligence and promptness; 1.4(a): failure to keep a client reasonably informed about the status of a matter; 1.5(a): making an agreement for, charging, or collecting an unreasonable fee or an unreasonable amount for expenses; 1.15(a): failure to hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property; 1.15(b): failure to refund unearned fees and advanced expenses upon termination of representation; 1.16(d): failure to refund advance payment of fees that were not earned; 3.1: bringing a proceeding without a basis that is not frivolous; 3.3(a)(2): failure to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act against the tribunal by the client; 3.4(c): disobeying an obligation under the rules of a tribunal; 5.5(a) practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; 8.1(a)(1): knowingly making a false statement of material fact in connection with a disciplinary matter; 8.1(b): failure to timely respond to lawful demands for information in connection with a disciplinary investigation; 8.4(d): engaging in conduct that is prejudicial to the administration of justice; and Ind. Admission and Discipline Rule 23 § 29(a)(1): failure to deposit funds held in trust in a clearly identified trust or escrow account.

For the misconduct found herein, this Court now orders the respondent suspended from the practice of law for a period of not less than nine (9) months, effective April 15, 2006. At the conclusion of this period, the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Leslie C. Shively, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J. dissents, believing that the respondent's misconduct requires a longer suspension from the practice of law.